EAA

99500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA E. SWANSON, | ) | **FILED** |
| Plaintiff, | ) | AUG 05 2016 EW |
| v. | ) | No. |
| BAKER & McKENZIE, LLP, a limited liability partnership, and CHANEL JOHNSON-BELL | ) | THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |
| Defendants. | ) | 1:16-cv-07890 Judge Virginia M. Kendall Magistrate Judge M. David Weisman |

## COMPLAINT

NOW COMES Plaintiff, GLORIA E. SWANSON, on her own behalf as pro se Plaintiff for her Complaint against Defendants BAKER & McKENZIE LLP and CHANEL JOHNSON-BELL, and states as follows:

1. This action seeks redress for wrongful and illegal discrimination as a form of retaliation against Gloria E. Swanson (hereinafter "Swanson") by Defendant Baker & McKenzie LLP (hereinafter "Baker") and its agent Chanel Johnson-Bell ("Johnson-Bell") and other unknown personnel in Baker's Human Resources Department in violation of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §§ 2000, et seq., 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2. The present action alleges claims premised on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. Subject matter jurisdiction for those claims is premised pursuant to 28 U.S.C. § 1331. The amount in controversy exceeds $75,000.00.

3. Venue is proper in the Northern District of Illinois because the acts at issue were perpetrated against Plaintiff Gloria E. Swanson (hereinafter "Swanson" and/or "Plaintiff") who is a resident in this district.

4. Defendant, Baker & McKenzie LLP, a limited liability partnership, was founded in Chicago and is domiciled in the State of Illinois, among other places.

## INTRODUCTION

5. Swanson again charges Baker for defamation of character resulting from false statements made by Baker over an unknown period of time, but first discovered by Swanson on or about July 18, 2012. Baker allegedly corrected that defamation on September 24, 2012 by written proof and confirmation to Swanson in September 24, 2012 after Swanson discovered Baker was telling Swanson's prospective employers who called Baker for a reference for Swanson that, "We do not have a Gloria Swanson on file" and that Baker had no record of Swanson nor of her social security number as Swanson ever having worked at Baker & McKenzie.

## BACKGROUND

6. As background, in 2012 Swanson hired a reference checking company to check Swanson's references to ascertain why Swanson was not being hired as a legal secretary after testing excellently, and interviewing well with 30 years of legal secretarial experience. Swanson was told by the reference checking company, Allison & Taylor, that Baker & McKenzie's HR Manager, Patricia Griffin, (hereinafter "Griffin") returned their telephone reference call to state that they could not find Gloria Swanson in their system. They further stated that "*They do go back that far but she is not there based on name and social security number.*" While one's social security number is the equivalent of one's name, Swanson was asked if she could have possibly

worked under another name. Swanson informed the reference checker that she has been "Gloria Swanson" since 1973, while her employment with Baker was from February 2, 1990 through May 22, 1995 and that she definitely worked at Baker under her current name, Gloria Swanson. Swanson also supplied the name of her former boss, the lawyer for whom she worked during her tenure at Baker, Thomas M. Haderlein, as well as the name of the then Human Resources Manager, Carol Lincoln.

7. It has now come to Swanson's attention in January of 2016 after employing "CheckYour Reference.com" to ascertain why Swanson is again having difficulty obtaining employment, that Baker is again reporting that they had no record of Swanson ever working at Baker & McKenzie. It is not currently discernable how long Baker has again lied this time between the end of Swanson's first lawsuit in October, 2012 through January, 2014 when the spotlight was on Baker regarding their reference regarding Swanson's work history at Baker. After filing the lawsuit against Baker in October, 2012, Swanson obtained employment in February, 2013, after not finding employment for two years in spite of being a stellar legal secretary with 30-plus years' legal experience.

8. It is more than ironic that of the two jobs Swanson obtained in 2013, she later found that neither of those two employers had checked her references in the traditional manner, thus prohibiting Baker & McKenzie from sabotaging her job prospects. And those are the jobs that Swanson was able to be hired to. The law firm that employed Swanson for four months from February, 2013 until June, 2013 had only checked one of Swanson's references at a small law firm, Despres, Schwartz & Geoghegan where Swanson had worked from 1996 to 1997 because the prospective employer lawyer knew Thomas Geoghegan. Then in July, 2013, Swanson was hired as an Executive Assistant for a CEO of a health care recruiting organization

from July, 2013 through September, 2015. Swanson later found that her employer at the recruiting firm took her resume at face value and did not check her references.

9. In 2012, the reference checker again contacted Baker's then HR Manager, Patricia Griffin who returned the call and stated, "She does not have you in the system". When the reference checker mentioned Swanson's ex-boss, Thomas Haderlein, and the HR Manager, Carol Lincoln, Griffin was able to quickly verify Thomas Haderlein in the system as starting in 1959 as well as showing the name of Carol Lincoln in their system as starting in 1982. How could Baker find employees going back 50 and 30 years, but not have a record of Swanson from 1990 through 1995? Griffin had stated earlier that the system "does go back that far" in relation to Swanson's 1990 through 1995 employment, but stated that Swanson was not in there.

10. On July 26, 2012, without knowledge that Swanson had filed her EEOC complaint three days prior, Offdenkamp returned a call to the reference checker and stated that their systems have changed and that she was trying to access an old payroll system. Offdenkamp said, "I can't confirm she worked here or deny she worked here . . . it's been too long." Offdenkamp further stated that she would call the reference checker if she found anything, but added that she doubted that she'd find anything since it's been so many years.

11. That reference checker in 2012 then mentioned to her that when she was speaking with Griffin, Griffin was able to pull up two names of people Swanson worked with who started in 1959 and 1982. Offdenkamp's response was, "*They are still active employees and would be in the system.*" Offdenkamp lied because Swanson had advised the reference checker that Mr. Thomas Haderlein died in 2007. Therefore, the reference checker simply told Offdenkamp, "I don't think so, especially Mr. Haderlein" in response to Offdenkamp's statement that Haderlein and Lincoln were still active employees. However, Offdenkamp persisted in her assertion to the

reference checker by again saying "active employees would be in the system". Plaintiff asks this Court, how can a deceased employee (Thomas Haderlein) be an active employee?

12. In that case, Swanson went back and forth with Baker and their Senior Generalist of HR, Nancy Offdenkamp, in telephone calls and letters to Baker's Labor attorney, Maura Ann McBreen[1], supplying W-2's from the years in question (1990 through 1995) along with a copy of Swanson's 1995 Termination Agreement from Baker to try to confirm her 5-1/2 year employment with Baker. Swanson supplied Baker with W-2 forms for each year that Baker issued to Swanson and to the federal government reporting Swanson's income with Baker's EIN number on said W-2 forms. Along with this proof, Swanson also had a check stub from Baker & McKenzie from 1991, a photo at a Baker Christmas Party of Swanson and her boss, Thomas Haderlein, where the jacket holding the photo said "Baker & McKenzie, Season's Greetings, December 1991".

13. After realizing the proof Swanson had of her employment, Baker issued letters to Swanson on September 24, 2012 and October 10, 2012 stating that all requests for verification of Swanson's employment have been completed, alleging that they "*experienced a delay in accessing your employment records in the system that was in place at the time of your employment. The system issues have since been resolved, and your previous employment verified.*" (Exh. 1)

14. On or about September 13, 2012, almost two months after the reference checker's initial calls to Baker, Offdenkamp telephoned the reference checker stating "*My name is Nancy Offdenkamp and you and I had spoken several weeks ago - probably two months ago at this*

[1] Baker Attorney Maura Ann McBreen actually wrote" the Baker & McKenzie-Swanson Termination Agreement when Swanson ended her employment with Baker in May, 1995 as a settlement agreement after Swanson endured 5-1/2 years working for a verbally abusive attorney.

*point, regarding an employment verification for a former employee by the name of Gloria Swanson and I had indicated we were having difficulty accessing the system that was in place at the time that she was here and we have been able to fix those issues and I told you I would call you back if I was able to verify her employment. If you could call me back, I would appreciate it. My number is: 312-816-2919."* When the reference checker at Allison & Taylor returned Offdenkamp's phone call, she was advised that Baker now had the information confirmed regarding Swanson's employment and would release it upon Swanson signing a release for that information. Swanson signed a release for information regarding the dates of her employment along with her title and salary at Baker, which information confirming that Swanson was employed at Baker from February 2, 1990 through May 22, 1995 was then correctly given by Baker to the reference checker. (Exh 2)

15. Swanson then filed a lawsuit against Baker & McKenzie, LLP, Nancy Offdenkamp and Patricia Griffin on October 16, 2012, 12 cv 8290. Baker either fired Patricia Griffin and then actually claimed that Patricia Griffin was not their employee, but that Griffin was a "temporary" employee who they hired through Loftus and O'Mara Employment Agency. What law firm uses a "temporary" for their position of HR Manager as was Griffin's title? Without access to Griffin to confirm what she saw in Baker's employee and payroll records and to confirm that Griffin had stated to the reference checker that "the system does go back that far, but Swanson is not in there", that lawsuit was ultimately dismissed by Judge Amy J. St. Eve. Judge St. Eve accepted Baker's contention that the deletion of Swanson's work history at Baker was an innocent mistake after Swanson's employment records were ultimately found allegedly in an old payroll system that Baker allegedly had difficulty accessing.

16. Swanson appealed the dismissal to the U.S. Appellate Court for the Northern District of Illinois in Swanson v. Baker & McKenzie LLP, et al, 13-1740. The Seventh Circuit Court of Appeals upheld Judge St. Eve's dismissal of Swanson's lawsuit.

17. As a pro se Plaintiff, Swanson continued to believe deeply in the injustice that was beset upon her by Defendants and that the District Court and the Appellate Court had unfairly leaned toward Baker and its lawyers as opposed to a pro se plaintiff. Swanson then appealed her case with a Writ of Certiorari to the United States Supreme Court in November, 2013 under No. 13-626. On January 27, 2014, the Supreme Court of the United States advised Swanson that her writ of certiorari was denied, i.e., not chosen by the Supreme Court to be heard. (Exh. 3)

**FACTS**

18. Since Swanson was again in the job market after September, 2015, and after again not getting responses to her resume[2], Swanson hired the CheckYour Reference.com company to ascertain what could be occurring. After the written report from CheckYour Reference.com (TTG Recruiters) stating that Baker advised in January, 2016 that they had no record of a Gloria E. Swanson ever working there, Swanson immediately contacted Baker and their current HR Manager, Chanel Johnson-Bell by email (Exh. 4). Swanson advised Johnson-Bell about the 2012 lawsuit against Baker for this very same defamation and lie. Swanson asked Johnson-Bell to contact Baker's Labor Attorney Maura Ann McBreen to get the details of the lawsuit in 2012 by Swanson. Swanson also advised Johnson-Bell that Patricia Griffin who had the same title as Johnson-Bell at the time Swanson discovered the first instances of Baker's defamation and

[2] Swanson's skills and experience are so top notch that many times she had two simultaneous job offers prior to Baker's sabotage of her working reference.

discrimination against her in 2012, that Patricia Griffin had been mysteriously hidden or fired by Baker.

19. Johnson-Bell then got back to Swanson by telephone stating that they would correct the misinformation regarding her employment and would give Swanson a letter confirming the dates of her employment. Johnson-Bell never gave Swanson an explanation for why or how this elimination of Swanson's employment confirmation occurred at Baker a second time. Johnson-Bell then wrote to the company that Baker had told they had no record of Swanson ever working at Baker, which was in reality the reference checker, CheckYour Reference.com, correcting Baker's initial untrue report about having no record of Swanson's employment and further giving Swanson a letter on January 28, 2016 confirming her employment. (Exh. 5)

20. In January, 2016, Swanson was indignant that the dirty tricks were continuing by Baker. However, Swanson continued to concentrate on seeking employment and did not seek legal justice via a lawsuit against Baker at that time.

21. After four additional months of making applications and not obtaining employment despite testing 7 to 15 points above the global national average in Microsoft Word, PowerPoint, Excel, Spelling and grammar, Letter composition, and testing at 80 wpm typing with two errors, along with Swanson's shorthand skills at 200 wpm[3], Swanson hired International Counterintelligence Service, Inc. ("ICS") to ascertain whether any "blackballing" was going on as to why Swanson was not getting employment. (Exh. 6) Swanson had ICS check all of her previous employers for the last 25 years.

---

[3] Swanson's Associate's degree is in Certified Shorthand Reporting on a stenograph machine

22. During the period from September, 2015 through January, 2016 and beyond, Swanson either was not getting any response to her resume and job applications or when Swanson got telephone interviews or during the few occasions where she actually got in-person interviews, the interviews seemingly went well. When it got to the reference checking stages, suddenly the prospective employers did 180 degree turns.

23. On the rare occasion where Swanson was invited to a second in-person interview, she could see body language changes in the staff whom she had met during her first interview with a perspective employer. However, on a second interview, i.e., after the reference checking, and after Swanson had already been invited for a second interview on the basis of her initial interview and/or testing, staff who had been initially professionally friendly became stiff and nonchalant as if they were simply going through the motions of the second interview. When they could not eliminate Swanson with the testing since Swanson was scoring so highly in all of her testing, the prospective employers would simply say, "*While we were impressed with your skills and experience, we were fortunate to have many qualified candidates apply for the position and we chose someone that better fits the position*". Swanson knows that her professionalism, experience, personality and skills are the "better fit" and in the Top Five in the market. Swanson knows that she would be the likely choice for the job short of something or someone reporting some untruth or negative lie.

24. ICS began checking Swanson's references in May, 2016. ICS's initial report stated that they contacted Baker & McKenzie at 312-861-8000 and were transferred to Ms. Chanel Johnson-Bell's line where they left voicemail messages regarding a reference for Gloria Swanson on May 10, 2016, May 11, 2016 and May 13, 2016. When Swanson inquired of ICS as to why she had not received a report regarding Baker & McKenzie's reference, ICS advised

Swanson of the dates they had left messages for Johnson-Bell, and that Johnson-Bell had never returned their calls.

25. On or about June 1, 2016, Swanson called Johnson-Bell at Baker & McKenzie leaving a message as why Johnson-Bell had not returned three calls regarding a reference for Swanson. Johnson-Bell returned Swanson's call that same day and stated that she had never received any calls regarding a reference for Swanson. This was a blatant lie. Johnson-Bell then wanted to know the name of the company that had called and stated that she would call them. However, Swanson told Johnson-Bell it was too late because any perspective employer who had called three times for a reference and not gotten a response would move on to the next candidate.

26. Johnson-Bell then told Swanson that she thought Swanson would be satisfied with the letter Johnson-Bell wrote on January 28, 2016 confirming Swanson's employment with Baker. Swanson told Johnson-Bell that the letter is simply a backup and that with printing technology these days anyone could take a Baker & McKenzie letterhead and write a reference letter that by the time it is sent to a perspective employer, has been copied many times, put in pdf form and the like where the eventual legitimacy of the letter might be questionable. Employers want to be able to contact a candidate's former employer directly themselves and be able to hear a human voice confirm the employment or have the perspective employer respond directly to them in writing with the confirmation as opposed to having the candidate only give them a letter that's allegedly signed and prepared by the former employer. What good is a letter of confirmation if the former employer is not responding to calls for a reference for Swanson?

27. Johnson-Bell lied about not receiving any requests for references for Swanson when she stated that no one had ever left her a message regarding a reference for Swanson. (Exh. 6). The International Counterintelligence Service ("ICS") which Swanson hired to check her

references and to find out whether any blacklisting was occurring has concrete proof that they, in fact, left messages for Johnson-Bell on her voicemail with her voice in the outgoing message of the voicemail, along with their verbal voicemail requests for a reference for Swanson (Exh. 6).

28. Baker & McKenzie's untrue reference regarding Swanson not ever working there or Swanson's employment not being on file at Baker & McKenzie is again sabotaging Swanson's employment opportunities and causing prospective employers to believe that Swanson was lying on her resume regarding her five (5) year and three (3) month employment as an Executive Legal Secretary at Baker & McKenzie, causing Swanson to be bypassed for employment. If a prospective employer has to choose between two qualified applicants, one with positive references and one with a mediocre or bad reference - in this case a reference from Baker & McKenzie that denied her existence at that firm and painting Swanson as a liar, it is obvious which applicant the prospective employer will choose.

29. The judge in the first district court case wrongly accepted Baker's contention that the expungement of Swanson from Baker's employment records was an innocent mistake. After admitting their error, (Exh. 1) and after a lawsuit which was dismissed and taken all the way to the U.S. Supreme Court, one would think that Baker would stop the defamation. However, after admitting to having Swanson's employment records . . . or finding them as Baker ultimately alleged in 2012, to perpetrate this smear all over again only shows the deep evil and discrimination Baker has for this plaintiff, likely because Swanson stood up for herself and brought their illegal activities to light. Baker has the audacity to begin this smear all over again against this plaintiff and should be held accountable for these illegal and discriminatory actions..

30. Baker continues to impugn Swanson's good name and reputation and is therefore guilty of defamatory slander and retaliation in violation of Title VII of the Civil Rights Act of

1964, §704, codified as 42 U.S.C. §2000e-3(a) and 42 U.S.C. §1981 (Retaliation) , 42 U.S.C. §2000e-3(a) *Robinson v. Shell Oil Co.*, 519 U.S. 3376 (1997) Whether these acts were committed solely at Baker's direction or contained to their Human Resources Department personnel's bias, employers are vicariously liable for acts of retaliation committed by their mid and low-level personnel. *White v. Burlington Northern & Santa Fe Ry. Co.*, 364 F.3d 789 (6th Cir. 204) (en banc), *cert. granted*, 126 S.Ct. 1671 2006). Additionally, Section 704 codified as 42 U.S.C. § 2000e-3(a) states that, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this title." Swanson obtained a Termination/Settlement Agreement when she left Baker in 1995 in lieu of an EEOC complaint, but did, however, file an EEOC complaint against Baker in June 2012 when she discovered Baker's untruthful reference for her. Baker continues its campaign of retaliation against Swanson. Swanson seeks declaratory and injunctive relief as well as monetary damages for injuries to her name and reputation.

31. The need for protection against retaliation does not disappear when the employment relationship ends. Post-employment "blacklisting" is sometimes more damaging than on-the-job discrimination because an employee subject to discrimination on the job will often continue to receive a paycheck while a former employee, such as Swanson, subject to retaliation may be prevented from obtaining any work in the trade or occupation previously pursued. *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 200 (3d Cir.) (Title VII), *cert. denied*, U.S. 115 S.Ct. 950, 130 L.Ed.2d 503 (1994). Courts have eschewed a construction that would allow an employer to discriminate against and "black list" a former employee as long as the

employer can successfully keep the former employee from getting a job and thereby becoming technically employed by an employer . . . *Veprinsky v. Fluor Daniel, Inc.*, 87 F3d 881. The ability to blacklist a former employee, and thus foreclose future employment possibilities, is but one example of an employer's power to punish a former employee for the exercise of her Title VII rights. *Charlton*, 25 F.3d at 200; *Dunlop v. Carriage Carpet Co.*, 548 F.2d at 147. In *Veprinsky*, *Id.* the company was found to have provided false information about his employment history to a subsequent employer.

32. In the instant case, Baker continually provides false information regarding Swanson's employment and even though they relented once in 2012 when they were caught untruthfully stating that they had no record of Swanson's employment, essentially telling prospective employers that Swanson was lying on her resume, they are again doing the same thing which was discovered by Swanson in January, 2016.

33. Swanson will never know how many prospective employers, prior to her enlisting the assistance of CheckYour Reference.com and International Counterintelligence Services this year where Baker's retaliatory reference and lies prevented Swanson from getting the job. Baker's actions were again intended to completely erase any record of Swanson's employment and prevent her from obtaining employment as a result of Baker's hateful discrimination and retaliation against a black secretary protesting the discrimination against her by Baker. Baker hurt and damaged Swanson's livelihood surreptitiously by preventing Swanson from obtaining employment with their derogatory reference which made it appear that Swanson "manufactured" her five-year employment with Baker listed on her resume. Baker surmised that Swanson would never truly know why she was not getting the jobs she applied for. They never envisioned the introduction of a "reference checking company and a counterintelligence company". Again,

even after the lawsuit against Baker in 2012, the first jobs Swanson was offered in 2013 were companies where Swanson subsequently discovered that her references were not checked in the traditional manner. In her last position where she was employed for over two years, Swanson's references were not checked at all, which is likely the only reason Swanson was hired where Baker did not have the opportunity to sabotage her employment. These actions by Baker are outright retaliatory discrimination aimed directly at hurting Swanson's livelihood and preventing Swanson from obtaining employment.

34. As a result of Baker's intentional, malicious, reckless and willful acts of retaliation against Swanson, Swanson has suffered damage to her reputation, loss of income and employment prospects, emotional distress, mental anguish, humiliation, and pain and suffering.

35. In *Robinson*, Id. the Supreme Court ruled that the anti-retaliation provision of Title VII applies to former employees as well as current employees. Title VII which prohibits employment discrimination also prohibits an employer from retaliating against an employee who has invoked the protections of Title VII or has assisted others who have invoked it or who have simply "complained of discrimination or other protections under Title VII". Swanson, in fact, complained of discrimination to Baker in 1995 and was forced to leave the firm when she requested a transfer of assignment due to years of verbal and emotional abuse by the senior Baker attorney whom Swanson worked for, under the false excuse that there were no positions in the firm at Swanson's executive legal secretarial salary when Baker had allowed many white secretaries to change assignments prior to Swanson's request.

36. The protection for a former employee envisioned by Title VII against retaliation lasts for as long a period as would permit the factual conclusion that the employer's negative job reference was made in retaliation for the former employee's participation in a Title VII case or

under discriminatory practices protected under Title VII, i.e., racial discrimination or participating in complaining of racial discrimination. See, *Haynes v. Shala*, 902 F. Supp. 259 (D.D.C. 1995) where the judge reasoned that this was the first time the employer had the opportunity to retaliate. Likewise, due to Swanson's 14-year employment with another firm before having to re-enter the job market, this was the "opportunity for Baker to retaliate" with their untruthful reference in 2011, discovered in 2012 and now rediscovered again in 2016 with this current job market re-entry by Swanson.

37. This kind of discriminatory maligning of Swanson by Defendants is blatant blackballing. Baker and its agent, Johnson-Bell, cannot claim *for a second time* that the elimination of any evidence of Swanson's employment tenure at Baker is an innocent mistake especially since Baker admitted in September-October, 2012 that they had found confirmation of Swanson's employment at Baker and had "resolved" the issue which allegedly prevented them from doing so in 2012. (Exh. 1) Baker used the "innocent mistake" and "old inaccessible payroll system" as their excuse for the blackballing accusation made by Swanson in her 12 cv 8290 lawsuit.

38. Swanson's second discovery in 2016 of Baker's continual blackballing of her is evidence that this is not an innocent mistake and that Baker is intentionally disseminating false information regarding Swanson's 5-1/2 year tenure as an Executive Legal Secretary at Baker. This false information prohibits Swanson from obtaining employment. It is illegal for Baker and any employer to make a misrepresentation which prevents or attempts to prevent a former employee from getting a new job. This applies to Baker, its agents and/or officers.

WHEREFORE, the Plaintiff prays for:

a. Compensatory damages in an amount of $150,000 or to be determined at trial to compensate the Plaintiff for depression, humiliation, anguish, emotional distress,

prevention from employment, and defamation, caused by the Defendants' conduct.

b. Award the Plaintiff punitive damages in the amount of $150,000.

c. The Defendant be required to pay prejudgment interest to the Plaintiff on these damages;

d. A permanent injunction enjoining the Defendant from engaging in the further discriminatory and retaliatory practices complained of herein that Defendant has again resumed after Plaintiff's 2012 lawsuit;

e. A permanent injunction requiring that the Defendant adopt employment practices and policies in Baker's Human Resources Department in accord and conformity with the requirements of Title VII, 42 U.S.C. §§ 2000, et seq., 42 U.S.C. § 1981;

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendant Baker & McKenzie and its agents and assigns remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

g. Such other relief as the Court deems just and proper.

August 5, 2016

Respectfully submitted,

Gloria E. Swanson, Plaintiff, pro se

By: Gloria E. Swanson
Gloria E. Swanson, Plaintiff, pro se

Gloria E. Swanson, Plaintiff, pro se
8920 S. Chappel Avenue
Chicago, IL 60617-2919
773-731-6014
Fax: 773-731-0391
Email: Gswanson8920@aol.com
99500 pro se

# APPENDIX

| | EXHIBIT NO. |
|---|---|
| Email dated September 13, 2012 from Sue Kallgren of Reference Checking Company, Allison & Taylor, transcribing and quoting voicemail from Baker & McKenzie's Nancy Austinkamp (Offdenkamp) which confirmed and Verified Plaintiff Gloria E. Swanson's employment with Baker & McKenzie Along with follow-up letters from Baker & McKenzie dated September 24, 2012 and October 10, 2012 confirming Gloria Swanson's employment | 1 |
| Fax from Baker & McKenzie's Nancy Offdenkamp, Sr. Generalist, Human Resources, to a prospective employer of Gloria Swanson, confirming Gloria Swanson's employment dates with Baker & McKenzie along with Confirmation of her salary, dated 9/12/2012 | 2 |
| Letter from Supreme Court of the United States, Office of the Clerk, Washington, D.C. confirming that Gloria Swanson filed a Writ of Certiorari with the U.S. Supreme Court, No. 13-626 that was denied in contesting the dismissal of the District Court lawsuit against Baker & McKenzie, 12-cv-8290 and Swanson's Appellate Court appeal, No. 13-1740 which upheld the dismissal of the District case | 3 |
| Reference Validation Profile from CheckYour Reference.com confirming that on January 21, 2016, Defendants Baker & McKenzie again reported that they had no records of Plaintiff Gloria Swanson's employment with Baker | 4 |
| Letters from Defendant Baker & McKenzie's, Chanel Johnson-Bell, Human Resources Manager, correcting the misinformation CheckYourReference.com received from Baker's Desiree Hosabettu regarding Gloria Swanson's employment and confirming the dates of Gloria Swanson's employment with Defendant | 5 |
| Report from International Counterintelligence Services, Inc, ("ICS") Case Report No. 13131-2 outlining their many attempts to confirm Gloria Swanson's employment With Defendant, Baker & McKenzie, along with Defendant Chanel Johnson-Bell's emails to Gloria Swanson stating that she had never Received any voicemail requests for references for Plaintiff Gloria Swanson | 6 |

Gloria E. Swanson v. Baker & McKenzie LLP, et al

# EXHIBIT 1

**From:** Sue Kallgren <sue@allisontaylor.com>
**To:** gswanson8920 <gswanson8920@aol.com>
**Subject:** Allison & Taylor Update
**Date:** Thu, Sep 13, 2012 11:25 am

---

Dear Gloria Swanson,

I got a voicemail from Nancy Austinkamp saying that

"My name is Nancy Austinkamp and you and I had spoken several weeks ago - probably 2 months ago at this point regarding an employment verification for a former employee by the name of Gloria Swanson and I had indicated we were having difficulty accessing the system that was in place at the time that she was here and we have been able to fix those issues and I told you I would call back if I was able to verify her employment. If you could call me back I would appreciate it. My number is: 312-861-2919.

Do you want me to re-open your report and call her back?

Kind Regards,

Sue Kallgren

**Allison & Taylor, Inc.**
*sue@allisontaylor.com*
*248.474.5414 (phone)*
*248.715.6260 (fax)*

Confidentiality Notice: This message constitutes a confidential communication. It is intended exclusively for the individual or entity to which it is addressed. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

This document is the proprietary confidential property of Allison & Taylor, Inc. and its agents or contractors. Disclosure or discussion of this document, in whole or in part, to any party other than that intended, or duplication, distribution, or publication of this document, in whole or in part, is strictly prohibited according to the laws of the State of Michigan.
Nothing in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.
Consider the environment before printing this email. If you print this email, please recycle.



Exh. 1-1

BAKER & McKENZIE

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Doha
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia*
Buenos Aires
Caracas
Guadalajara
Juarez
Mexico City
Monterrey
Porto Alegre*
Rio de Janeiro*
Santiago
Sao Paulo*
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Diego
San Francisco
Toronto
Washington, DC

* Associated Firm

September 24, 2012

Gloria Swanson
8920 S. Chappel Avenue
Chicago, IL 60617

Dear Ms. Swanson:

Please be aware that all requests for verification of your previous employment have been completed and returned to requesting parties. We experienced a delay in accessing your employment records in the system that was in place at the time of your employment. The system issues have since been resolved, and your previous employment verified.

Kindest Regards,

Nancy Offdenkamp

Nancy Offdenkamp, SPHR
Senior Generalist, Human Resources



Exh. 1-2

BAKER & McKENZIE

Baker & McKenzie

300 East Randolph Street, Suite 4300
Chicago, IL 60601
United States

Tel: +1 312 861 8800
Fax: +1 312 861 8823
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Doha
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia*
Buenos Aires
Caracas
Guadalajara
Juarez
Mexico City
Monterrey
Porto Alegre*
Rio de Janeiro*
Santiago
Sao Paulo*
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm

October 10, 2012

Gloria Swanson
8920 S. Chappel Avenue
Chicago, IL 60617

Dear Ms. Swanson,

Please be aware that all requests for verification of your previous employment have been completed and returned to requesting parties. We experienced a delay in accessing your employment records in the payroll system that was in place at the time of your employment. As soon as the system issues were resolved, the Firm promptly completed the verification of employment as requested.

At this time, we consider this matter to be closed Baker & McKenzie will not be responding to any additional inquiries into this matter.

Regards,

Edward J. Zulkey
General Counsel Emeritus
+1 312 861 2823
ejz@bakermckenzie.com

Exh. 1-3

Gloria E. Swanson v. Baker & McKenzie LLP, et al

# EXHIBIT 2

September 12, 2012

TO WHOM IT MAY CONCERN:

I hereby authorize the company, person or entity in possession of this authorization to release information related to my dates of employment with Baker & McKenzie, including information regarding my ending salary.

Gloria E. Swanson

Date of Hire: 2/5/1990
Date of Separation: 5/22/1995
Final Salary: 41,217.00/year

Nancy Offdenkamp, SPHR
Sr. Generalist, Human Resources



Exh. 2

Gloria E. Swanson v. Baker & McKenzie LLP, et al

# EXHIBIT 3

**Supreme Court of the United States**
**Office of the Clerk**
**Washington, DC 20543-0001**

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

January 27, 2014

Ms. Gloria E. Swanson
8920 South Chappel Avenue
Chicago, IL 60617

Re: Gloria E. Swanson
v. Baker & McKenzie, LLP, et al.
No. 13-626

Dear Ms. Swanson:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

Scott S. Harris

**Scott S. Harris**, Clerk

Exh. 3

Gloria E. Swanson v. Baker & McKenzie LLP, et al

# EXHIBIT 4

# Reference Validation Profile

Thank you very much for your business. This reference profile is a formal response based on the reference check we performed on your behalf. Learn more at: CheckYourReference.com

| Client Name: | Gloria Swanson | Client ID: | 7737316014 |
|---|---|---|---|

The data contained within this profile is to be used as a discrete decision-making tool whether or not to provide this particular reference for a prospective employer, or to support a contractor assignment. Many employers will request 3 to 5 references, so ensure you validate each before including on a list of references, or on an employment application.

| Reference Information | Thursday, January 21, 2016 |
|---|---|

| | |
|---|---|
| Reference Name | Desiree Hosabettu |
| Reference Title | Human Resources – Baker & McKenzie – Phone 212-310-1848 |
| Your Title/Role | Executive Legal Secretary – Unable to confirm – see notes below. |
| Your Start Date | 2/5/1990 – Unable to confirm – see notes below. |
| Your End Date | 5/22/1995 – Unable to confirm – see notes below. |
| Salary Details | $41,210/yearly – Unable to confirm – see notes below. |

**Reference Comments and Responses:**

This reference check was originally directed to Human Resources. When I attempted to reach Human Resources at the Illinois office I was redirected to Desiree Hosabettu in Human Resources at the New York Office.
Desiree informed me the employer has an established policy which requires all employment related inquiries by submitted in writing with a singed release from the former employee.
After securing a release from Ms. Swanson I sent the inquiry as instructed.

Ms. Hosabettu replied to my inquiry noting they have no records of Ms. Swanson's employment with the firm. In a follow-up phone call I confirmed this was the case. Ms. Hosabettu indicated that the files had likely been purged due to the lengthy period that had passed since Ms. Swanson was employed. Again, Ms. Hosabettu confirmed they currently have no records of Ms. Swanson's employment.

Based on my interaction with this reference, I'm confident that any prospective employer would experience a similar interaction in a pre-employment reference check.

Please see notes below:

Shanell Johnson Bell

HR Chicago

Exh. 4

Gloria E. Swanson v. Baker & McKenzie LLP, et al

# EXHIBIT 5

BAKER & McKENZIE

Baker & McKenzie LLP

300 East Randolph Street, Suite 5000
Chicago, IL 60601
United States

Tel: +1 312 861 8000
Fax: +1 312 861 2899
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

**PERSONAL AND CONFIDENTIAL**

Ms. Gloria Swanson

Sent via Email: gswanson8920@aol.com

January 28, 2016

Dear Gloria:

Please be aware that the attached letter was faxed to TTG Recruiters today to verify your employment with Baker & McKenzie.

We apologize for the delay accessing your employment records. We have added your record to our current employment system to prevent delays for any future requests.

Sincerely,

Chanel Johnson-Bell

Chanel Johnson-Bell
Human Resources Manager
312-861-8255
chanel.johnsonbell@bakermckenzie.com

BAKER & McKENZIE

Baker & McKenzie LLP

300 East Randolph Street, Suite 5000
Chicago, IL 60601
United States

Tel: +1 312 861 8000
Fax: +1 312 861 2899
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

**PERSONAL AND CONFIDENTIAL**

January 28, 2016

Rex--TTG Recruiters:

In response to your fax dated January 20, 2016 in which you requested employment verification for Gloria E. Swanson, please see below information:

Gloria E. Swanson was employed with Baker & McKenzie as follows:

Start Date: February 5, 1990

Termination Date: May 22, 1995

Please provide a signed authorization from Ms. Swanson to authorize the release of salary information.

Please disregard the previous fax in regard to this matter that was returned to you on January 20, 2016. After further research, we were able to access employment records for Ms. Swanson.

Thank You

Chanel Johnson-Bell

Chanel Johnson-Bell
Human Resources Manager
312-861-8255
chanel.johnsonbell@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

Exh. 5-2

Gloria E. Swanson v. Baker & McKenzie LLP, et al

# EXHIBIT 6

ICS
International Counterintelligence Services, Inc.
Since 1967

# Case Report

Case Number: 13131-2
Date: June 28, 2016
Client: Gloria Swanson
Case Manager: Jason Beberniss
Phone: 480-990-8888
Email: jason.beberniss@icsworld.com

**Confidentiality Notice and Disclaimer**

Information is furnished confidentially for our client's exclusive use for legitimate purposes and shall not be reproduced. International Counterintelligence Services, Inc. has neither control over what is published in public records or by confidential sources, nor any margin of error in retrieving these records. Neither International Counterintelligence Services, Inc., nor its employee or agents, warrant such information, nor shall they be liable for your use or reliance upon it.

Exh. 6

# Table of Contents

## Section

**SUMMARY OF FINDINGS:** .......... 1
Tuesday, April 26, 2016 .......... 1
Friday, April 29, 2016 .......... 1

## Summary of Findings:

### Tuesday, April 26, 2016

We initiated case efforts by placing a call to Quick Leonard Keiffer at (312)604-7047 in an attempt to speak to Mr. Roger Quick. A secretary answered our call who stated that Mr. Quick is not in the office on this day.

We then placed a call to Mayer and Brown, LLP at (312)782-0600. After being placed on hold and getting transferred to the human recourses department, we received a voicemail and no answer was given.

We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

We then placed a call to Seyfarth Shaw LLP at (312)460-5000. After being placed on hold and getting transferred to the human recourses departed we were advised that they do not have a record of the client working for that company but also stated that due to the employment being in the mid-90s and due to it being so long ago, the clients name could not have been added in their new systems.

* We then placed a call to Baker & McKenzie at (312)861-8000. After being placed on hold and getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Sachnoff & Weaver, Ltd. (Now the firm of Reed Smith LLP) at (312)207-1000. After being placed on hold and getting transferred to human recourses, a voicemail was received.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

### Friday, April 29, 2016

We initiated case efforts by placing a call to Quick Leonard Keiffer at (312)604-7047 in an attempt to speak to Mr. Roger Quick. After getting transferred to Mr. Quick, he confirmed that Ms. Swanson worked for him on the dates specified. He stated that he does have any derogatory remarks in her file, is a trustworthy person but did not specify if she is eligible for rehire.

We then placed a call to Mayer and Brown, LLP at (312)782-0600. After getting transferred to the human recourses department, we received a voicemail and no answer was given.

We then placed a call to Despres & Geoghegan at (312)372-2511. After getting transferred to Mr. Geoghegan, he stated that employee records that old are no longer available and unable to confirm if Ms. Swanson was employed with his firm.

We then placed a call to Baker & McKenzie at (312)861-8000. After being placed on hold and getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Sachnoff & Weaver, Ltd. (Now the firm of Reed Smith LLP) at (312)207-1000. After being placed on hold for human recourses, we were advised that they do not have employee records from the years specified on this file and have no records of Ms. Swanson in their system.

We then placed a call to Jenner & Block at (312)222-9350. After getting transferred to the HR department we got connected with a person named Nikki. Ms. Nikki confirmed that Ms. Swanson worked for them during the dates specified and had no derogatory remarks to add in regards her employment. We asked Nikki if Ms. Swanson is eligible for rehire, if Ms. Swanson is trustworthy, honest and dependable, Ms. Nikki again stated that there is no derogatory remarks in her records.

## Tuesday, May 10, 2016

We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

## Wedneday, May 11, 2016

We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

## Friday, May 13, 2016

We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

## Monday, May 16, 2016

We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

**From:** Jason Beberniss <jason.beberniss@icsworld.com>
**To:** Gswanson <gswanson8920@aol.com>
**Subject:** RE: Following Up
**Date:** Wed, Jun 1, 2016 6:54 pm

---

Gloria,

Here is the log for the most recent calls. Let me grab the voice recordings.

**Tuesday, May 10, 2016**
We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

* We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

**Wedneday, May 11, 2016**
We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

* We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

* We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.
**Friday, May 13, 2016**
We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

* We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

* We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.
**Monday, May 16, 2016**

Exh. 6-1

We then placed a call to Despres & Geoghegan at (312)372-2511. We were advised that Mr. Thomas Geoghehan was not in the office on this day.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

We then placed a call to Jenner & Block at (312)222-9350. A voicemail was received from this company.

We then placed a call to Baker & McKenzie at (312)861-8000. After getting transferred to Ms. Chanel Johnson-Bell's line, we received a voicemail.

**From:** Gswanson [mailto:gswanson8920@aol.com]
**Sent:** Wednesday, June 01, 2016 3:52 PM
**To:** Jason Beberniss <jason.beberniss@icsworld.com>
**Subject:** Fwd: Following Up

Jason: Here is the response from Ms. Johnson-Bell at Baker & McKenzie.

Gloria

Gloria E. Swanson
8920 S. Chappel Avenue
Chicago, IL 60617
773-731-6014
FAX: 773-731-0391
Gswanson8920@aol.com

-----Original Message-----
From: Johnson Bell, Chanel <Chanel.JohnsonBell@bakermckenzie.com>
To: gswanson8920 <gswanson8920@aol.com>
Sent: Wed, Jun 1, 2016 4:58 pm
Subject: Following Up

hi Gloria,

As a follow up to our phone conversation earlier today, I am just letting you know that I have not received any calls or messages from anyone requesting a verification of employment for you today. I am making you aware since you mentioned that I should expect a call today.

Thanks

**Chanel Johnson-Bell**
Human Resources Manager
Baker & McKenzie LLP

Exh. 6-2

300 East Randolph Street, Suite 5000
Chicago, IL 60601 USA
Tel: +1 312 861 8255
Fax: +1 312 698 2799
chanel.johnsonbell@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

Exh. 6-3

**From:** Johnson Bell, Chanel <Chanel.JohnsonBell@bakermckenzie.com>
**To:** Gswanson <gswanson8920@aol.com>
**Subject:** RE: Following Up
**Date:** Thu, Jun 2, 2016 1:09 pm

---

Hello,

I have not received a call from anyone today as of yet. Please send me the contact information for who you are working with that says they have been trying to contact me so that I can reach out to them to provide the information they are requesting.

Chanel

**Chanel Johnson-Bell**
Human Resources Manager
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 USA
Tel: +1 312 861 8255
Fax: +1 312 698 2799
chanel.johnsonbell@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

**From:** Gswanson [mailto:gswanson8920@aol.com]
**Sent:** Wednesday, June 01, 2016 9:46 PM
**To:** Johnson Bell, Chanel
**Subject:** Re: Following Up

Ms. Johnson-Bell, by the time we spoke today, we were running out of day for me to try to contact the parties and explain what is going on. I was only able to send them an email and told them that you were in the office today. I had no way of knowing when or if they've read the email.

However, my question for you and Baker & McKenzie is why did you not respond to previous voicemail messages regarding a reference for me? It is my understanding that calls were made to you regarding my reference on May 11, 2016, on May 13, 2016 and on May 16, 2016. And while you emphatically stated that you never received any messages regarding a reference for me, it'll be interesting if I ever determine where the real truth lies.

Just as you stated that the problem regarding my second non-existence with Baker & McKenzie was "fixed" in January, I told you that the damage was already done because many of the companies that passed over me, run postings for other positions and I don't get responses as they've likely written me off thinking that I've lied on my resume regarding my 5-year employment with Baker & McKenzie. Why is someone at Baker so hell-bent on erasing my employment with them to have done this twice, even after a federal court lawsuit? This is just plain evil, and retaliatory vindictive. WHY?

Exh 6-4

Also, I had a Settlement Agreement with Baker & McKenzie when I left in May, 1995. The letter you refer to which is supposed to serve as my reference gives my start date and then says, "Termination Date: May 22, 1995". I have a problem with the word "Termination Date". The letter leaves me explaining whether I was terminated or whether I quit, which is a side swipe at a neutral reference letter. In reality, any legitimate letter should only refer to "start" and "end" dates.

I will await the opportunity to try to speak with someone by phone to get more information, if they will give it to me, regarding the voicemail messages left for you.

Gloria

Gloria E. Swanson
8920 S. Chappel Avenue
Chicago, IL 60617
773-731-6014
FAX: 773-731-0391
Gswanson8920@aol.com

*

-----Original Message-----
From: Johnson Bell, Chanel <Chanel.JohnsonBell@bakermckenzie.com>
To: gswanson8920 <gswanson8920@aol.com>
Sent: Wed, Jun 1, 2016 4:58 pm
Subject: Following Up

hi Gloria,

As a follow up to our phone conversation earlier today, I am just letting you know that I have not received any calls or messages from anyone requesting a verification of employment for you today. I am making you aware since you mentioned that I should expect a call today.

Thanks

**Chanel Johnson-Bell**
Human Resources Manager
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 USA
Tel: +1 312 861 8255
Fax: +1 312 698 2799
chanel.johnsonbell@bakermckenzie.com

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein

This message may contain confidential and privileged information. If it has been sent to you in error, please

Exh. 6-5

reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.